CHICAGO, M. & ST. P. RY. Co. *v.* HARTSHORN, Treas., etc., and others.

*(Circuit Court, N. D. Iowa, C. D.   April 5, 1887.)*

1. **TAXATION—AID TO RAILROADS—PENALTIES.**
   Notwithstanding that the law of Iowa restricts taxation in aid of railroads to the sum of 5 per cent. upon the taxable property in the township, still delinquents can be lawfully compelled to pay, in addition to such 5 per cent. tax and interest thereon, the penalty provided by law for delay in the payment of taxes; following *Tobin* v. *Hartshorn*, 29 N. W. Rep. 764.

2. **SAME—PENALTIES—REPEAL OF STATUTE.**
   Under Code Iowa, § 45, par. 1, which provides that the repeal of a statute shall not affect any penalty incurred under that statute, Laws Iowa 1884, c. 159, § 1, repealing Laws 1876, c. 123, which authorized the voting by any township in the state of taxes in aid of railroads, does not repeal any penalties against delinquent payers of taxes so voted, which had accrued at the time of the passage of the act of 1884; following *Tobin* v. *Hartshorn, supra.*

3. **EQUITY—PLEADING—DEMURRER—BILL FOR INJUNCTION.**
   On demurrer to a bill to restrain the sale of realty for delinquent taxes, where it appears that, although the complainant did not tender the full amount due, the county treasurer demanded a penalty in excess of what was legally due, and the complainant is therefore entitled to some relief, though not to the full relief asked, the demurrer cannot be sustained.

In Equity.
Bill to restrain sale of realty for delinquent taxes.   Demurrer to bill.
*Geo. E. Clark* and *Burton Hanson,* for complainants.
*E. B. Soper,* for defendants.

SHIRAS, J.   In the months of May and June, 1881, several of the townships of Palo Alto county, Iowa, voted a 5 per cent. tax in aid of the construction of the line of the Cedar Rapids, Iowa Falls & Northwestern Railway Company, through the respective townships.   The validity of the tax thus voted was disputed, and, to determine this question, suits were instituted in the state courts; and in the fall of 1885, by a final decision of the supreme court of Iowa, it was held that the taxes

were valid. On the tenth day of March, 1886, the complainant tendered to the treasurer of Palo Alto county the amount of the 5 per cent. tax levied upon its property in the townships voting the tax, with interest at the rate of 6 per cent. from the date of the maturity of the taxes to the date of the tender, making in all the sum of $4,737.59. The treasurer refused to accept this amount, claiming that the penalties and interest due on the principal sum then amounted to 138 per cent. To prevent a sale of its property, the complainant filed the present bill, and, by a demurrer thereto, two questions are presented: (1) Whether, in addition to the 5 per cent. tax and interest, a further sum, by way of penalty, can be exacted; and, (2) if so, whether the repeal of the act under which the tax was voted terminates the right to the penalty.

In the case of *Snell* v. *Campbell*, 24 Fed. Rep. 880, decided at the June term, 1885, of this court, it was questioned, but not decided, whether, under the law restricting taxation in aid of railroads to the sum of 5 per cent. upon the taxable property, there could be collected, in addition to the 5 per cent. tax, and interest thereon, a further sum by way of a penalty.

In the case of *Tobin* v. *Hartshorn*, 29 N. W. Rep. 764, decided October 22, 1886, this precise point was presented, and the supreme court of Iowa held that the penalty was of the nature of interest, and was collectible, notwithstanding the restrictive provisions of the statute. By this decision the point is authoritatively decided; and, following this ruling, as this court is bound to do, it must be held that the complainant is compelled to pay, not only the 5 per cent. tax levied, but also the legal penalties due thereon. In this case of *Tobin* v. *Hartshorn*, it was also held, contrary to the ruling in *Snell* v. *Campbell*, that the adoption of chapters 159 and 194 of the Acts of the Twentieth General Assembly did not remit the penalties that had accrued at the date of these acts, the right thereto being saved by the provisions of section 45 of the Code. This section provides that "the repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed." Section 866 of the Code provided the penalties to be imposed for non-payment of taxes. Chapter 194 of the Acts of the Twentieth General Assembly expressly repeals this section, and then enacts a substitute, changing the rate of penalty; and further provides "that the penalties of this section shall not apply to, or be collected upon, any taxes levied in aid of the construction of any railroad in this state."

It is unquestionably true that, by the provisions of section 45, the mere repeal of a statute would leave unaffected a penalty already incurred; but this section cannot be held to limit the right of the legislature to remit a penalty by express enactment. In *Snell* v. *Campbell* the view taken was that the railroad company had a vested right in the 5 per cent. tax voted, but that the penalties prescribed by section 866 were purely penalties, and, as such, were within the control of the state until actually collected, and that the state had the right to remit the same. The act of 1884 changed

the amount of the penalties provided for by section 866, and then declared that "the penalties provided for by this section shall not apply to, or be collected upon, any taxes levied in aid of the construction of any railroad in this state." Certainly this proviso gives support to the contention that it was the intent of the legislature to declare that the penalties already accrued should not be collected upon any taxes voted in aid of railroads. It would seem to have been the purpose of the legislature to limit the burden of taxation, for the purpose of aiding railways, by thus declaring that the penalties imposed for the non-payment of ordinary taxes, as set forth in section 866, should not apply to taxation in aid of railways; and the language used would seem to include all taxes in aid of railroads, whether then delinquent or not. If such was the intent of the legislature, no reason is perceived why effect should not be given thereto, which would result in holding, as was done in *Snell* v. *Campbell*, that, the legislature having remitted the penalty before its collection, neither the railway company, nor the county treasurer, could lawfully enforce payment of such penalties by a sale of the lands of the tax-payers. But, as already stated in the case of *Tobin* v. *Hartshorn*, decided by the supreme court of Iowa since the decision of *Snell* v. *Campbell*, it has been held that the tax-payer is liable for the penalties that had accrued up to the date of the repeal of the statute authorizing the tax, and this construction of the statute settles the question, and must be followed as the true rule in this court, as well as in the state courts.

The averment in the bill is that the county treasurer, by direction of the railway company, in whose aid the tax was voted, claims 138 per cent. penalty upon the amount of the tax levied upon complainant's property. In the brief of defendant's counsel it is stated that all penalties, after date of the repealing act, are waived, and that, upon payment of the tax, with penalty, to April 9, 1884, with interest on the aggregate thereof from May 1, 1884, at the rate of 6 per cent., a full discharge and release will be given. The total amount to be paid is to be ascertained according to the rule laid down in *Tobin* v. *Hartshorn*. Under this rule the treasurer of the county was not justified in demanding a penalty amounting to 138 per cent., and the facts averred in the bill show that, on the one hand, the complainant did not tender the full amount due, and on the other the treasurer of the county demanded a penalty in excess of what was legally due. The demurrer is general, and therefore admits all the facts positively alleged in the bill, and cannot be sustained if these facts show that complainant is entitled to any relief. The complainant, being entitled to restrain the sale of its property for the excessive penalties claimed by defendants, in so far shows an equity and right to some relief, and the demurrer must therefore be overruled.